The next matter on our calendar is the United States v. Scott Andrew Funk. Good morning. Good morning, Your Honor. Phil Weinstein for the defendant. The defendant in this case pled guilty to enticing a minor to engage in sexual activity. The limited issues on this appeal are two of the special conditions imposed by the court. First, that he not associate with people under 18 years old unless he obtained preapproval from the probation officer. And second, that he not view adult legal pornography. We do not challenge substantively these conditions. Our challenge is limited procedurally in the way they were imposed. I believe there is no dispute between myself and the government on the relevant standards. That is, it has to be reasonably related to the crime. It has to deprive a person of no more liberty than is necessary. It also has to be an individualized assessment by the court. And finally, unless it is evident from the record, the court must make on-the-record findings. Here, the court did none of those things. You said that if it's evident from the record, then the court need not go on at length about the reasons for imposition. On the association condition, it seemed to me that the grounds possibly were evident in the record. Mr. Funk spoke about meeting with JV, the minor victim. He said he preferred to talk face-to-face rather than by text. He made multiple statements indicating that he wished to have intercourse with JV. Until his arrest, he was residing with his mother and apparently owns and operates a preschool out of her residence. Why isn't that sufficient, just on its face, to satisfy the association condition that was imposed? The entire crime was an online enticement. The defendant lives in Alaska. Didn't he have direct contact with some of the victims? Not necessarily. I mean, I know the court has said that a progression to contact... But didn't he, this defendant, have direct contact with some of the victims? So the one victim he pled guilty to was in Suffolk County, New York. He was in Alaska at the time. There were two others they talk about relevant conduct. One was in the United Kingdom and the other was in California. So there was no physical contact with either the victims, the victim to whom he had... My question is less about the fact that the record itself says why he shouldn't be with minors without the presence of a responsible adult. I mean, I think that pretty clearly on the record supports. My question has to do with the pre-approval of the probation for that if he can only be in contact with minors with a responsible adult. And what I would want the government to tell me is whether this record shows something that suggests that seemingly responsible adults would not be able to do that and therefore you need pre-approval as well. Whether the record supports that side of it, not the responsible adults. I think the record supports that quite clearly. Well, I think the record is a guilty plea. The record is fairly sparse in terms of what the underlying facts are. And I'm certainly not arguing that under no circumstances would this be an appropriate condition. It's simply an issue that the court should have made some findings. The only one, despite objection by counsel, so obviously it was brought to the attention of the court, the court's ruling appears on the docket sheet and simply says denied. So there's no way of knowing what the court's ruling is. So the fact that it's brought to the attention of the court, it isn't as if there was a silent record. It is explicitly raised by defense counsel and the court's response is not to engage and simply say to deny on the docket, which is a far cry from, you know, some reason. So the point is that this is protected activity on his part, that is free association is certainly a protected activity. It can be prohibited if there is a good reason for doing so. The government's argument that this is appropriate, at least made in the trial court, is it's something specific in this case, but that it's routine. And that's a kind of generic justification. Recently, we've become very fierce on that in this. Yes. I've read two members of the panel are obviously on this. Yeah, but more important by some people on this court who tend not to be fierce in these cases have led the way. That may be true, but I think the court has been clear that generic reasoning is insufficient. It has to be individualized. And at best, this is generic reasoning, that is, it's routine in all of these. Sorry. So your point, your argument then is that because this was all so far about internet predatory behavior or like online predatory behavior, there was no basis for imposing an in-person association restriction. I'm not saying there was none. I'm saying the court identified none. That there may have been a basis for it, but the court certainly didn't appear to be relying on it. And the only information put before the court is... Doesn't that cut in some way the other way, that if people are willing to go online to try to do that, isn't it a fortiori that individual contact is more dangerous? Well... It's different. You know, I agree, but... I think it would follow if that argument was accepted that it wouldn't be a special condition. It would be a standard condition because you're not saying there's anything specific about this case that requires it. Essentially you're saying that in every case of online enticement, this is an appropriate condition. Now, the sentencing commission presumably could do that if they thought it appropriate, but they didn't. This is a special condition which requires certain procedural requirements which clearly were not followed in this case. You did say that if it's evident from the record, and I guess we're maybe finding it more evident from the record that this online behavior could be tied to... Recently tied to an association condition as protective of the public interest. And you're saying that that assumption, that presumption is not fair, is that right? I'm unaware of it. This wasn't a trial, as the court knows, so this was simply based on a PSR. It was based on the defendant's plea, and I think the geographical distance shows something. Defendant had no prior record of contact with individuals. Counsel, you're seeking remand for more explanation? Yes, that's it. I'm simply seeking remand for justification for this, and if it's appropriate, then it's appropriate, and if it isn't, it isn't. Thank you. Thank you. We'll hear from the government. Good morning, your honors. May it please the court, my name is Matthew Higgins. I represent the United States here today, and I represented the government in the case below. The sole question before this court is whether the imposition of these two challenged conditions was an abuse of the district court's discretion based on the record before the district court. It was not, and the reason for that is we do not have to dive too deeply into the record to identify the obvious self-evident reasons for the imposition. Were you aware at the time that the sentence was imposed that it was sort of skimpy analysis or reasons given for the imposition of these two conditions? You were aware. You were in the courtroom, right? Of course, your honor. Sometimes it behooves the prosecutor to suggest to the judge, as painful as that may be, that we could use a little more, we could use more reasons in the record. So it requires a certain delicacy, but it is, then we don't find ourselves in a situation like this. I always endeavor to be delicate before the court, your honor. In this instance, the district court invited briefing on these specific conditions once the defendant noticed, notified the judge that they had objections. And the defense submitted a complete set of those objections. The government responded and the district court issued a ruling. And it didn't tell us what the basis was. Correct, your honor. And the government concedes that this court has made quite clear. And the cases you cite pretty much are before this court in a series of opinions, which may be right or not, but they bind us, said we want more statements by the court. I mean, you know, you cite earlier cases where we didn't do that and the law in this area has been moving in the last year or two very much in this direction. It has certainly moved, your honor. And I would cite in particular the Blow opinion, which as I believe, 2017, which makes quite clear that the court is expressing a strong interest in having either orally or in writing articulated reasons for these kinds of special conditions. You have this business of adult pornography, which is legal, it's pretty awful. I could draw a link between what this guy was doing and the legal thing. And yet, how can we make that just from the record, it's a little bit like, say, somebody with alcohol and with drugs, you know, they're the types of things which we said we need more. I would like to address the adult pornography prohibition, your honor. But before I do, I'd just like to complete one of the references to Blow. It does state that the circuit's strong preference for an articulated reason, however, and this is a quote, unless it's self-evident in the record. And that's the government's contention here. Turning to the adult pornography. Tell me why it is self-evident in the record, even if it is self-evident that he shouldn't see children without a responsible adult, why it is self-evident in the record that in addition to a responsible adult, there should be pre-approval by the probation. Yes, your honor. Why is that self-evident in the record? It's clear in the record that probation specifically requested that condition. I understand, but that doesn't tell me why it is self-evident in the record that that makes sense. Now, you know, if there is some indication that people who look like responsible adults are not able to control this guy's behavior or things of that sort, then, of course, getting a pre-approval by probation is sensible. There may well be good reasons, but I don't see how the record by itself speaks to that side of that condition. I would cite the court to the broader fact that it's the probation office that's responsible for the supervision of the defendant, not whoever this... Well, of course they want more, but that doesn't, you know, that doesn't help me to know why this is a sensible condition, that probation would want to do it, of course. It gives probation the opportunity to consult after the fact to see if anything untoward has occurred. I concede, the government concedes that that articulation is not in the record. On its face, it sounds as though if there is a Thanksgiving dinner with the whole family there and highly responsible people there, but also children, this guy has to go and get permission from probation before doing that. And on the face of it, at least one would say, I'd like, why not give us some more explanation? I mean, just show me where I'm wrong. I mean, I'm actually quite sympathetic to conditions of this sort, but I want to know why. I don't believe that the court is wrong in that the district court did not articulate that specific element of requiring probation's preapproval, but as with any condition that would require probation's preapproval or consent to some action by the defendant, that consent cannot be unreasonably withheld. And to Your Honor's hypothetical of a family gathering at Thanksgiving, the government expects, absent additional facts, that probation would be hard-pressed to justify denying the defendant the opportunity to participate in that kind of family gathering. You're talking results. You're not talking about why the guy should have to go to the trouble in asking. And you know, you call, you don't find, and you do it as a violation, a violation of probation of the rules have very severe consequences and should. So that's it. Can you tell us if, in fact, these two challenged conditions have become standard conditions in practice after conviction on either child pornography possession or enticement or what have you? It is not at all uncommon to see a district court impose an association prohibition in the context of a case that presents direct risks to minors. And that's what this case presented. Not, I just think... Your adversary would say that the individuals, the minors who Mr. Funk contacted were nowhere near him. These were all online conversations, and there was no indication that he was engaging in any touching or face-to-face encounters, even. So why is it necessary in this context? Well, the government would argue, and as Mr. Funk allocated to, this was a face-to-face encounter. They were not in the same room, but they did encounter each other via various video chatting apps. I think one of the ones was Apple FaceTime. Direct contact? Face-to-face. Video direct, as opposed to in the same room direct? I would articulate it as direct electronic contact, Your Honor. You're speaking to at least two relatively elderly people for whom there is a quite remarkable difference between direct and virtual direct. I'll choose not to address age at all. This is a part of your politeness to the court, which you... Indeed, Your Honor. The government would concede that this type of conduct is not as serious as, say, a hands-on offense. And it is not a hands-on offense, but it is a direct offense that involved a direct harm to a minor. It is distinguishable from the cases in which this court has struck down association prohibitions that are similar to this, or the more restrictive cousin, a no-contact provision. Typically, in those cases, those are possession offenses or receipt offenses in which there was no communication of any kind between the defendant... The question for us is, both on the merits and in terms of what we would need to write or say, is whether the essence of those cases was the particulars of that or the more general thing that we want more information in this type of case. Certainly the court has the authority, obviously, to require the district court to articulate additional reasons. I would submit, as we said in our brief, because the record... There was no contest about these significant facts. They're at the top of the iceberg of the record. Counsel, you're aware of the developments of our law in this circuit. You were right there in the courtroom when the judge imposed the sentence. It was your responsibility to say, does the judge want to put on the record some reasons for these conditions? You have to do it in a way that allows you to go back before the same judge within the next couple of years, but you have to do that. I see my time has expired, but I won't. I expect the court wants an answer, yes. In this instance, if the court were to look in the appendix at when this issue arose, the district court announced its intended imposition of sentence, including these special conditions, and invited the parties to state any objections. The defendant began to state their objections, and at that point, the court said, why don't you put it in writing? The district court had not yet turned to the government for its opinion on any of these issues. I concede that, in retrospect, the better practice would have been for the government to state. The government would respectfully request the court, once the issue has been briefed, to issue a written opinion, or to have requested that upon the issuance of the docket bounce. The defense could have done that as well, which may have obviated . . . You're not interested in a perfect sentencing. You are. Correct, Your Honor. Thank you, Your Honors. Thank you. Mr. Weinstein? Let me segue from the government's last answer to the essence of this. EDNY, unlike SDNY, the final probation report recommendation does not go to counsel. SDNY, it does. So the special conditions hit the defense counsel in this case by surprise when it was imposed. She objected at that time immediately. Now, the court then invited the parties to submit written arguments on the issue. Now, if it was self-evident from the record, you would expect the government to make the argument that it was self-evident from the record, but that's not what they did. They said this is routine in these types of cases. They did not point to various parts of the record. So this is an argument they're making on appeal, which they're entitled to, but it was never placed before the district court. Second, with respect to the adult porn viewing, I take your point, Judge, that you might be able to think of reasons that there's a linkage between that and others. It may be distasteful to many people. On the other hand, at least there is no proffered basis to say there is a linkage, factual or by study. And at least according to Google, it is the most popular search on their search engines. Loads of people search for it, and yet, as far as I know, most of them do not commit this type of crime. So there has to be some specific basis for the linkage that the court is, for a court to do something like that. Thank you. Thank you. Thank you both. We'll reserve decision.